UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRAVIS SHEFFIELD,<br><br>　　　　　　　　　　　Petitioner,<br>　　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No. 2:22-cv-00584-GMN-NJK<br><br>ORDER |

　　　　Travis Sheffield submitted a *pro se* 28 U.S.C. § 2254 habeas petition and has now paid the filing fee (*see* ECF Nos. 1-1, 5). The court has reviewed the petition pursuant to Habeas Rule 4 and directs that it be docketed and served on respondents.

　　　　A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

　　　　Petitioner has also filed a motion for appointment of counsel (ECF No. 2). There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of

counsel "when the interests of justice so require").  However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Here, Sheffield was convicted by a jury of first-degree murder and sentenced to a term of 32 ½ years to life. It also appears that some of the legal issues may be complex. In order to ensure due process, the court grants Sheffield's motion for counsel.

**IT IS THEREFORE ORDERED** that the Clerk of Court detach, file, and electronically serve the petition (ECF No. 1-1) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1).  The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED: 20 May 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE