# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRAVIS SHEFFIELD,<br><br>         Petitioner<br><br>v.<br><br>JEREMY BEAN, *et al.*,<br><br>         Respondents. | Case No.: 2:22-cv-00584-GMN-NJK<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss and Granting Motion to Seal**<br><br>(ECF Nos. 44, 48) |

In his second-amended 28 U.S.C. § 2254 Habeas Corpus Petition Travis Sheffield seeks to challenge his first-degree murder conviction. (ECF No. 33.) He claims three grounds for relief, including alleging the evidence was insufficient and ineffective assistance of counsel. Respondents move to dismiss most grounds of the petition as untimely, unexhausted, and/or procedurally defaulted. (ECF No. 44.) The Court grants the motion in part and denies it in part. Ground 3 is dismissed as procedurally barred. Grounds 2(D), 2(F), 2(G) and 2(H) are timely. A decision as to whether Grounds 2(A), 2(B), 2(C), and 2(G) are procedurally barred from federal review is deferred.

I. **Background**

In March 2018, a jury convicted Sheffield of First-Degree Murder with use of a Deadly Weapon, Assault with a Deadly Weapon, and Offer or Attempt to Sell Controlled Substance. (Exh. 56.)[1] He was selling drugs to a man in Las Vegas, then tried to rob him and ended up shooting and killing him. The state district court sentenced him to an aggregate sentence of life with the possibility of parole after 392 months. (Exh. 63.) Judgment of conviction was entered on May 30, 2018. (Exh. 64.) The Nevada Supreme Court affirmed Sheffield's convictions in July 2019, and the Nevada Court of Appeals affirmed the denial of his state postconviction petition in March 2022. (Exhs. 93, 132.)

Sheffield initiated his federal habeas action in April 2022. (ECF No. 7.) The Court granted his motion for counsel, and he ultimately filed a Second-Amended Petition in December 2023. (ECF No. 33.) He sets forth three grounds for relief:

> Ground 1: The evidence adduced at trial was insufficient to prove Sheffield's guilt beyond a reasonable doubt for the death of Jonathan Collins, and thus his judgment of conviction violates his Fourteenth Amendment due process rights.
>
> Ground 2: Sheffield's trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments for failing to:
>
> (A) Test a pill bottle filled with bullets for fingerprints;
>
> (B) Address four jury questions;
>
> (C) Mention alibi witness JaVonique Sheffield during closing arguments;
>
> (D) Obtain an expert on eyewitness identification;
>
> (E) File a meritorious motion for a pretrial lineup;

---

[1] Respondents' exhibits are found at ECF Nos. 41, 43, 46, 47.

      (F) Object to prosecutorial misconduct;

      (G) Object to Dr. Jennifer Corneal's testimony; and

      (H) The cumulative effect of counsel's errors prejudiced Sheffield.

      Ground 3: Sheffield was denied his Sixth and Fourteenth Amendment right to confrontation.

(ECF No. 33 at 10-34.)

Respondents now move to dismiss most grounds as untimely, unexhausted, and/or procedurally barred. (ECF No. 44.) Sheffield opposed, and respondents replied. (ECF No. 50, 56.)

## II. Legal Standards & Analysis

### a. Relation Back

Respondents argue that several sub-parts of the ineffective assistance of trial counsel claim (Ground 2) in Sheffield's Second-Amended Petition do not relate back to a timely-filed petition and should thus be dismissed as untimely. (ECF No. 44 at 7-8; ECF No. 56 at 2-4.) The parties do not dispute that Sheffield's original and first-amended petition were timely-filed and that the Second-Amended Petition was filed after the expiration of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period. Thus, the claims in the Second-Amended Petition will be timely only if the new claims relate back to claims in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct,

transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

### b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

4

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the

same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### c. Procedural Default

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

6

infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, the Supreme Court ruled that ineffective assistance of postconviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. 566 U.S. 1 (2012). The *Martinez* Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*).

**d. The Court rejects Respondents' argument that several claims are untimely**

**Ground 2(D)**

Sheffield asserts that trial counsel was ineffective for failing to obtain an expert on eyewitness identification. (ECF No. 33 at 25-27.) He contends that Collins' girlfriend, Julie Kniesl couldn't identify Sheffield from a photo lineup and only identified him at his preliminary hearing. He pointed to the report by Dr. Cara Laney, an expert on eyewitness identification that his federal counsel retained. She criticized the photo lineup and described Kniesl's in-court identification as worthless because Sheffield had already been arrested.

Respondents argue that this ground does not relate back in part, because in his original and First-Amended Petitions, Sheffield claims that his trial counsel failed to retain an eyewitness identification expert. (ECF No. 7 at 3-5; ECF No. 13 at 56-59.) While he did not cite the Dr. Laney report, the current ground relies on the same core of operative facts as the timely claims. Ground 2(D) relates back and is timely.

**Ground 2(F)**

Sheffield argues that his counsel failed to object to prosecutorial misconduct during closing arguments. (ECF No. 33 at 28-30.) He contends that the prosecutor improperly vouched for the credibility of witness Rufus Smith and the reliability of Kniesl's identification. This ground essentially mirrors the claim brought in Sheffield's First-Amended Petition. (ECF No. 13 at 71-74.) Ground 2(F) relates back and is timely.

**Ground 2(G)**

Sheffield asserts that his counsel failed to object to the testimony of Dr. Jennifer Corneal. (ECF No. 33 at 30-31.) Dr. Corneal testified about the autopsy on the victim and the toxicology report, which had been completed by Dr. Elaine Olson who had retired by the time of trial. In his First-Amended Petition, Sheffield presented the claim that he was denied his right to confrontation because Dr. Corneal testified instead of Dr. Olson. (ECF No. 13 at 129-130.) Both claims rely on the same core of operative facts. Ground 2(G) relates back to a timely-filed claim, and is, therefore, timely.

**Ground 2(H)**

Sheffield insists that the cumulative effect of trial counsel's errors prejudiced him. (ECF No. 33 at 32.) He raised a claim of cumulative error of trial counsel in his First-

Amended Petition. (ECF No. 13 at 107-108.)  So, Ground 2(H) relates back and is timely.

### e. Several Grounds are unexhausted and/or procedurally defaulted

Respondents argue that most subparts of the ineffective assistance of counsel claim (Ground 2) are unexhausted.

**Ground 2(C)**

Sheffield alleges that his counsel failed to mention alibi witness JaVonique Sheffield during closing arguments. (ECF No. 33 at 23-24.)  Sheffield did not present this claim to the state appellate court. (*See* Exhs. 128, 132.)  Ground 2(C) is unexhausted.

**Ground 2(D)**

Sheffield contends that his counsel failed to obtain an expert on eyewitness identification. (ECF No. 33 at 25-27.)  Respondents argue that this federal claim is unexhausted because it refers to an expert report prepared for the federal petition that was not presented to the state courts. (ECF No. 44 at 11.)  But Sheffield did argue to the state courts that his counsel failed to obtain an expert.  The Court declines to dismiss the claim as unexhausted.

**Ground 2(F)**

Sheffield argues that counsel failed to object to prosecutorial misconduct during closing arguments. (ECF No. 33 at 28-30.)  He presented this claim on appeal of the denial of his state postconviction petition. (Exh. 128 at 50-55; Exh. 132 at 6-7.)  Thus, Ground 2(F) is exhausted.

**Ground 2(H)**

The Court declines to dismiss this claim of cumulative error of counsel at this time because a cumulative error claim may be exhausted to the extent that the underlying individual claims of error are exhausted.

**Grounds 2(A), 2(B), and 2(G)**

Sheffield concedes that these claims were not presented to state courts. (ECF No. 33 at 20-23, 30-34.)  He contends that they are technically exhausted and also procedurally defaulted because the state courts would not consider the claims due to the state procedural bars. *See Woodford v. Ngo*, 548 U.S. 81 (2002) (state court remedies are "exhausted" when they are "no longer available, regardless of the reason for their unavailability").

Sheffield insists he can overcome the default of these claims under *Martinez*. To establish cause under *Martinez*, a petitioner needs to show "that he had no counsel during his state collateral review proceeding or that his counsel during that proceeding was ineffective under the standards of *Strickland v. Washington*." *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019); *see also Martinez*, 566 U.S. at 14.  Sheffield also needs to establish prejudice.  He can satisfy the prejudice standard by showing his defaulted claims are "substantial," for example, that they have "some merit." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013).

In Grounds 2(A), (B), and (G), Sheffield claims that his counsel failed to: test a pill bottle containing bullets for fingerprints; address certain jury questions; and object to Dr. Corneal's testimony.  Sheffield argues that postconviction counsel was ineffective for failing to raise these claims and that the claims are substantial. (ECF No. 50.)

Respondents disagree that these claims are substantial.  The Court concludes that because the question of procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist the Court with its determinations, and best serves judicial efficiency. A decision on whether grounds 2(A), 2(B) and 2(G) are procedurally defaulted from federal review is deferred.

**Ground 2(C)**

Sheffield argued that this claim that his counsel failed to mention his alibi witness during closing arguments is exhausted.  However, the Court disagrees; the claim is technically exhausted and procedurally defaulted.  So Sheffield may also choose to argue in the merits briefing that the procedural default of Ground 2(C) should be excused under *Martinez*.

**Ground 3**

This is the standalone claim that Sheffield's confrontation rights were violated by Dr. Corneal's testimony.  He argues that Ground 3 is technically exhausted and procedurally defaulted and that the procedural default of this claim should also be excused under *Martinez* and *Edwards v. Carpenter*, 529 U.S. 446 (2000).  In *Edwards*, the Court held that that a procedurally defaulted ineffective assistance of counsel claim "can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." *Id*. But cause here to excuse the default of Ground 3 is based on whether appellate counsel was ineffective for failing to raise the confrontation claim on appeal.  Under *Edwards*, the ineffective assistance of appellate counsel must itself be exhausted in order to excuse the procedural default of Ground 3.

That claim was not presented to the state courts, and *Martinez* does not extend to excuse the procedural default of a claim of ineffective assistance of appellate counsel. *Davila v. Davis*, 582 U.S. 521 (2017). The Court, therefore, dismisses Ground 3 as procedurally barred from federal review.

### III. Motion to Seal

Respondents have also filed a Motion for Leave to File an Exhibit Under Seal. (ECF No. 48.) While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, Respondents ask to file Sheffield's presentence investigation report ("PSI") under seal because it is confidential under state law and contains sensitive, private information. The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file it under seal. Accordingly, the Court grants the motion, and Exhibit 59, the PSI, will remain under seal.

IV. **Conclusion**

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss **(ECF No. 44) is GRANTED in part and DENIED in part** as follows:

- Grounds 2(D), 2(F), 2(G) and 2(H) are timely;
- Ground 3 is DISMISSED as procedurally barred from federal review;
- A decision as to whether Grounds 2(A), 2(B), 2(C), and 2(G) are procedurally barred from federal review is deferred.

IT IS FURTHER ORDERED that Respondents' Motion for Leave to File Exhibit Under Seal **(ECF No. 48) is GRANTED**. The exhibit will remain under seal.

IT IS FURTHER ORDERED that Respondents have 60 days from the date of this order to file an answer to the remaining grounds in the petition. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that Sheffield will then have 45 days from the date of service of Respondents' answer to file a reply.

DATED: 10 December 2024.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE